[Civ. No. 4197. Fourth Dist. Dec. 5, 1951.]

ROSEMARY GRAVATT GIBBONS, Appellant, v. THE CITY OF SAN BERNARDINO et al., Defendants; HERZ PAVING COMPANY (a Copartnership), Respondent.

Wing, Wing & Brown for Appellant.

Wilson & Wilson for Respondent.

MUSSELL, J.—Plaintiff Rosemary Gravatt Gibbons appeals from a judgment of nonsuit in favor of defendant Herz Paving Company in an action for the wrongful death of plaintiff's 20-year-old son, Charles Gravatt. The action was filed by the appellant and one Harry R. Berkheimer against the City of San Bernardino, its mayor, councilmen, and street superintendent, and Herz Paving Company, a copartnership. Prior to trial, a covenant not to sue was executed by the city and each of the plaintiffs, pursuant to which the record indicates that the sum of $12,000 was paid by the city to plaintiffs. The city, its officers and plaintiff Berkheimer did not appear at the trial. The Herz Paving Company will be referred to as the defendant.

Charles Gravatt was fatally injured when his automobile, traveling west, struck a raised manhole on Highland Avenue, a public street in the city of San Bernardino. The accident occurred on September 10, 1948, at about 7:30 p.m. on a section of the avenue, between "I" Street and Mt. Vernon Avenue, upon which defendant had agreed to perform certain construction work under a contract with the said city. Pursuant to the terms of the contract, defendant had removed the old curbs and gutters and had widened the avenue 4½ feet on the north and south sides. This work had been completed prior to September 8, 1948, and no further construction work was done by the defendant until September 17th of that year. At the time of the accident there was a caution or warning sign at the east end of the construction zone and red warning lights were placed near it.

On or before September 10th the city of San Bernardino had raised the manhole involved so that its cover was approximately 4 inches higher than the surrounding surface of Highland Avenue. There is no evidence in the record indicating that the defendant participated in the raising of this manhole as a part of the work or that it was required to do so under the terms of the contract. A notation upon the plans "Raise manhole to grade (work to be done by the city)" clearly indicates that this work was not a part of the contract.

The contract contained provisions requiring the defendant to provide at least 26 feet of surfaced roadbed on Highland Avenue for use by the public at all times during the work,

and to permit public traffic to pass through the construction operations at all times with as little inconvenience and delay as possible. The manhole was 21 feet south of the north line of Highland Avenue, in the portion of the paved roadbed which defendant was required to keep open for public travel and over which the city exercised control.

Plaintiff first contends that the common law imposed upon defendant the duty to use reasonable care to see that the street was reasonably safe for the traveling public. The evidence clearly shows that defendant did not construct or maintain the dangerous condition which caused the accident. The manhole was in the portion of the street over which the city reserved control and authority. By the terms of the contract, defendant was prohibited from blockading the street or otherwise interfering with traffic in the area involved. Undoubtedly, defendant was under a duty to use reasonable care to see that the portion of the street under its control and upon which it had worked was reasonably safe, but the defendant assumed no obligation for the raising of the manhole or other work performed by the city at points in the street where defendant was not performing construction work.

It is next contended that the common law imposed upon the defendant the duty to warn of dangers incident to construction. Unquestionably, defendant had a duty to warn the traveling public of dangers, if any, which it created in the course of its work, but there was no duty to protect the public against obstructions placed in the street by the city.

Plaintiff contends that the duty to warn was imposed upon defendant by the terms of the contract, and this contention is based principally upon the following provisions in the agreement:

"The contractor shall furnish, erect, and maintain such fences, barriers, lights, and signs as are necessary to give adequate warning to the public at all times that the road or street is under construction and of any dangerous conditions to be encountered as a result thereof and he shall also erect and maintain such warning and directional signs as may be furnished by the City."

The evidence discloses that signs warning the public that Highland Avenue was under construction were maintained in place at the time of the accident and it is not contended that these signs were inadequate for that purpose. There is no evidence that the city furnished defendant with warning or directional signs. The additional requirement in the quoted

provision of the contract is that defendant give adequate warning to the public of any dangerous condition to be encountered as a result of *such construction*. (Italics ours.) This clause refers to work done by the defendant and to excavations made and materials placed in the avenue by the Herz Paving Company. It does not require defendant to give warning of obstructions or dangers created by the city on a portion of the street under its control and upon which no construction had been commenced. In this connection, the evidence shows that at the time of the accident, the paved portion of Highland Avenue reserved for public travel had not been graded or disturbed otherwise than by the action of the city in raising the manhole and placing an asphaltic ramp around it. Defendant was prohibited by the contract from in anywise obstructing travel on this portion of the avenue.

The evidence also indicates that at the time of the accident the cover to the manhole had been removed or was not in place. There is nothing in the record to show that this condition was created by the defendant or was known to it. The hazard which caused the accident may have been created by a passing automobile or by someone lifting or removing the manhole cover. In any event, it was not a hazard created in the construction for which the Herz Paving Company was employed.

Under the circumstances shown by the record, the trial court properly granted a nonsuit.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied January 2, 1952, and appellant's petition for a hearing by the Supreme Court was denied January 31, 1952.